### JOHN DIXON v. MELISSA A. DIXON.

(Filed 17 September, 1907).

**Limitations—Trust—Husband and Wife.**

> When a trust is acknowledged, it becomes an express trust against which the statute of limitations will not run except from an adversary holding. Therefore, when the wife purchased lands with money given her by her husband, and wrongfully had title made to herself alone, which she agreed to have perfected in her husband, there being no evidence of any contest or friction about the title until a suit for divorce was commenced, the statute of limitation did not begin to run until the commencement of said · action.

CIVIL ACTION, tried before *Neal, J.*, and a jury, February Term, 1907, of the Superior Court of CRAVEN County. The statement of facts sufficiently appears in the opinion of the Court.

*Moore & Dunn* for plaintiff.
*W. A. Clark* for defendant.

CLARK, C. J. This is an action by the husband to have his wife declared trustee for him of the property described in the complaint, which alleges that all said property was bought

by the defendant with money furnished her by the plaintiff under instructions to take title in his name, but that instead she took the title in her own name. The jury found the facts to be as thus alleged.

The deeds to the wife for the property were dated 14 July, 1880; 24 October, 1889; 26 January, 1889, and 15 January, 1892. This action was begun 19 January, 1904. The defendant pleaded the ten-year statute of limitations. By consent, the facts as to this plea were found by the Judge, which, in addition to what is above stated, are that while plaintiff and defendant were living together as man and wife, "knowing title had been taken in her, he, by and with her consent, took the deeds to a lawyer to have the title perfected in him, but was called off by a telegram, and the transfer was never made." It does not appear when this occurred, but the Judge further finds that there was no evidence of any contest or friction about the title or possession of the property until the defendant instituted an action for divorce, 2 November, 1903.

It is, therefore, unnecessary to discuss the interesting question, whether the statute could run between husband and wife, for, the trust being acknowledged, it became an express trust, of which there was no disavowal or adversary holding until 2 November, 1903. Till then, the statute did not run, and the Court properly held that the plaintiff's action is not barred by the statute of limitation.

Affirmed.